## GALLOWAY *et al. vs.* CAMP.

When one is arrested under *ca. sa.* and gives bond for prison bounds, and subsequently escapes therefrom, the fact that the plan of the prison bounds has not been returned and recorded on the Minutes of the Superior and Inferior Court, as required by the statute, does not affect the validity of the bond.

Debt, in Walton Superior Court. Tried before Judge HUTCHINS, at the February Term, 1860.

There is but one question made by the record in this case, and it arose out of the following state of facts, to wit:

In he year 1842, prison bounds were laid off around the common jail of Walton county, including an area of one hundred acres. Plats of the survey, with a full and minute description of the lines, and metes and bounds, were made out by the surveyor. One of the plats was filed in the office of the clerk of the Superior Court. The first was not recorded on the Minutes of the Inferior Court until the 18th of May, 1858. Thomas Galloway, being arrested by the sheriff of Walton county, by virtue of a *capias ad satisfaciendum,* in favor of Charles Camp, executed his bond, with William H. Goodson, as his security, to remain within the limits of said prison bounds. The conditions of the bond being broken by said Galloway's transgressing the said bounds, this action was brought by Camp, against Galloway and Goodson, to recover damages for a breach of the bond.

On the trial of the case, the plaintiff introduced the *ca. sa.* with the arrest thereon, and also the bond, which was dated the 22d of December, 1857, and proved that Galloway left the prison bounds in violation of his said bond.

The plaintiff then offered in evidence the two plats aforesaid, which were objected to by defendant's counsel, on the ground "that in laying off and recording the prison bounds the statutes had not been complied with, and that the bond was therefore void," which objection the Court overruled.

The case being submitted to the jury, they returned a verdict for the defendant.

The counsel for plaintiff then made a motion for a new trial, which was granted by the presiding Judge at the August

Term, 1860, on the ground that the verdict was contrary to evidence.

This decision is alleged as error, and the question is, whether a bond to keep within prison bounds is good, where the survey is made, and a plat returned and filed in the proper offices, but not recorded until after the bond is given.

HULL & HILLYER, for plaintiff in error.

WALKER & McDANIEL, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

Thomas Galloway, one of the plaintiffs in error, having been arrested, under a *ca. sa.*, at the instance of the defendant in error, Charles Camp, by the sheriff of Walton county, gave to the sheriff his bond, with William H. Goodson as his security, for the purpose of obtaining the privilege of prison bounds as provided for by the Act of 22d December, 1820. *Cobb*, 384. Galloway subsequently, while under prison bounds, left the boundaries thereof, and this action of debt was brought by the defendant in error, for this breach of the bond. A plan of the survey of the prison bounds as recorded in the offices of the clerk of the Superior and Inferior Courts of Walton county, together with the writ of *ca. sa.* under which the arrest was made, the arrest, the bond for prison bounds and the proof of the escape, having all been put in evidence, the defendant in error rested his case.

The plaintiffs in error, defendants in the Court below, put their defence on the ground that at the time of the giving this bond the prison bounds had not been established or laid off in compliance with the statute; that the prison bounds were not legal and the bond was therefore void. The prison bounds in Walton were laid off and established under the Act of 22d December, 1840; *Cobb's Dig.* 389.

The 1st section of that Act makes it the duty of the sheriff, under the direction of the Inferior Court, at any time they may deem it expedient, to cause to be laid off prison bounds, in every county in the State having jails, where no bounds had been previously laid off, in conformity with the Acts of 22d Dec., 1820, and 24th Dec., 1821.

The 2d section authorizes the Inferior Courts to resurvey or change prison bounds when previously laid off.

The 3d section enacts, "in all cases when prison bounds shall be hereafter resurveyed or laid off, it shall be the duty of the sheriff to return a plan of the same to the Superior and Inferior Court of the county, which shall be entered on the minutes of each of said Courts, and a duly certified copy thereof from the minutes of either of said Courts shall be evidence in any of the Courts of this State."

Fourth section gives discretion to the Inferior Court to extend the bounds laid off in an incorporate city, town or village, so as "to include not more than one hundred acres."

The bond was executed on 22d Dec. 1857; the plan of prison bounds was not recorded on the minutes of either the Superior or Inferior Court at that time nor until some time after, though the survey was made in 1842. Neither did the record show that the plan had been returned by the sheriff, or that the survey had been made under the direction of the Inferior Court. For these reasons the plaintiffs in error contend that the bond is void. We do not think so. Whether the prison bounds had been laid off in compliance with the Acts or not was wholly immaterial; by giving the bond, the plaintiff in error waived any or all irregularities that might have existed in their being laid off or established. The presumption is, that they were laid off and established in terms of the Act, and there is nothing in the record contradicting that presumption. At the time of the arrest, it is true that the plan had not been recorded, though returned to the clerk, but that omission of the clerk did not affect the supremacy of the survey, or the legality of the bounds. But allow that the bounds were illegal, that could not affect the bond. The plaintiff in error had given his bond that he would not go beyond those bounds; he violated that obligation, and it does not now lie in his mouth to say that the provision of which he took the benefit was illegal.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.